# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE: )<br>)<br>ISLAND TIME WATERSPORTS, LLC d/b/a/ )<br>CRUZ BAY WATERSPORTS, as owner of the )<br>*ISLAND CHASER*, a 2012 Novurania Chaser )<br>38 motor vessel bearing hull )<br>identification number PKD25781B112 )<br>and U.S. Virgin Islands Registration VI )<br>6172TC, together with its Engines, Tackle, )<br>Appurtenances, Equipment, & ETC., in a )<br>cause for Exoneration from or Limitation )<br>of Liability )<br>)<br>                      **Petitioner.**   ) | Case No. 3:21-cv-0077 |

## ORDER

**BEFORE THE COURT** is the *ad interim* stipulation for costs and value of Island Time Watersports ("Island Time"). (ECF No. 2.) For the reasons stated below, the Court will deny the *ad interim* stipulation without prejudice.

### I.  FACTUAL AND PROCEDURAL HISTORY

The Island Chaser ("the vessel") is a sailing vessel owned and operated by Island Time Watersports, LLC d/b/a Cruz Bay Watersports (the "owner"). On or about April 17, 2021, the Island Chaser was allegedly operating at an unsafe speed for water conditions, causing a spinal fracture to Chase Malone, as alleged in the underlying personal injury suit. *See Malone v. Island Time Watersports*, Case No. 3:21-cv-0053, ECF No. 1.

On October 18, 2021, the owner filed the instant limitation of liability action. (ECF No. 1.) The owner alleges that any injuries were not due to any fault or negligence on their part. *Id.* at 3. The owners also assert that the value of the vessel is $150,000. *Id.*

On the same date, the owners also filed a motion seeking: (1) the entry of an *ad interim* stipulation; and (2) the issuance of a monition and an injunction restraining any proceedings against the owners that pertain to the dependent limitation action. (ECF No. 2.)

## II. DISCUSSION

The Limitation of Liability Act grants shipowners the right to limit liability for injury and damage claims arising out of accidents involving their vessels. *See* 46 U.S.C. § 30501, *et seq.* As the Supreme Court has explained, the animating purpose of the Act:

> was to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board.

*Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 214 (1927). To that end, the Act provides that the liability of a shipowner arising out of a maritime accident "shall not exceed the value of the vessel and pending freight," so long as the accident occurred "without the privity or knowledge of the owner." 46 U.S.C. § 30505. These protections extend to the owners of pleasure vessels. *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1228-29 (11th Cir. 1990).

Supplemental Rule F of the Federal Rules of Civil Procedure outlines the procedure to be followed in limitations actions. First, a shipowner must file a complaint in an appropriate district court within six months of receiving written notice of a claim. Fed. R. Civ. P. Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(a). Thereafter, the shipowner must deposit with the court "a sum equal to the amount or value of the owner's interest in the vessel . . . or approved security therefor." Supplemental Rule F(1); *see also* 46 U.S.C. § 30511(b)(1). If the shipowner opts to provide the district court with approved security for the cost of the vessel, he must also give security "for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). Additionally, the shipowner must provide security for costs and "such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended." *Id.*; *see also* 46 U.S.C. § 30511(b)(1).

After a shipowner files a limitation of liability complaint and complies with the requirements of Supplemental Rule F(1), the district court must stay all proceedings against the shipowner that involve issues arising out of the subject matter of the limitation

*In re Island Time Watersports*
Case No. 3:21-cv-0077
Order
Page 3 of 5

action. *See* Supplemental Rule F(3); 46 U.S.C. § 30511(c). The district court will then issue a monition "direct[ing] all potential claimants to file their claims against the shipowner in the district court within a specified period of time." *Gorman v. Cerasia*, 2 F.3d 519, 523 (3d Cir. 1993) (internal quotation marks omitted); *see also* Supplemental Rule F(3)-(4). Additionally, "[o]n application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supplemental Rule F(3).

### III.     ANALYSIS

The owner has moved for entry of an *ad interim* stipulation and the issuance of a monition and an injunction. The Court may not issue a monition or an injunction until the *ad interim* stipulation is approved. *See* Supplemental Rule F(3)-(4). As such, the Court will first consider whether approval of the owner's *ad interim* stipulation is appropriate.

The owner argues that its *ad interim* stipulation is sufficient security that satisfies the requirements of Supplement Rule F(1) such that the Court must issue an injunction and a monition. Supplemental Rule F(1) requires a shipowner to either (1) "physical[ly] surrender . . . the vessel and pending freight to a trustee," *New York Marine Managers, Inc. v. Helena Marine Serv.*, 758 F.2d 313, 317 (8th Cir. 1985); *see also* Supplemental Rule F(1); (2) "deposit with the court . . . a sum equal to the amount or value of the owner's interest in the vessel and pending freight," Supplemental Rule F(1) ; or (3) deposit "approved security" for "the amount or value of the owner's interest in the vessel and pending freight," *id.* Complying with one of these three requirements "is a condition precedent to obtaining the benefits of the Limitation Act." *New York Marine Managers, Inc.*, 758 F.2d at 317.

> Submission of an *ad interim* stipulation is one way of satisfying Rule F's requirement of the vessel or security for the vessel as a prerequisite to proceeding with a petition for limitation. The stipulation is *ad interim*, or temporary, so that if the value of the vessel is challenged the court may allow for "due appraisement" of the vessel prior to entering a final order or approving a stipulation establishing the value of the vessel. "Due appraisement" generally means appraisement proceedings which afford interested parties an opportunity to be heard and to challenge the appraisement offered by petitioner.

*Complaint of N. Lubec Mfg. & Canning Co.*, 647 F. Supp. 1132, 1134 (D. Me. 1986) (citation omitted) (quoting Supplemental Rule F(7)); *see also The Ontario No. 1*, 80 F.2d 85, 87–88 (2d Cir. 1935) (explaining that, "[a]lthough the rule is silent on the subject," a "long standing" practice permits a shipowner to "obtain ex parte the issuance of a monition and injunction if he posts an ad interim stipulation in an amount approved by the court after examining affidavits presented by [the shipowner]").

Of course, an *ad interim* stipulation must do more than simply name the sum a shipowner believes he may be obligated to pay. When a shipowner submits an *ad interim* stipulation secured by a surety bond, the stipulation is "a substitute for the vessel itself." *See Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207, 220 (1927). It follows that, to qualify as "approved security," an *ad interim* stipulation secured by a surety bond should provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust "for the benefit of [the] claimants." *See* Supplemental Rule F(1). At the very least, this should require a letter of undertaking executed by an appropriate surety. *Cf. Karim v. Finch Shipping Co.*, No. CIV. A. 95-4169, 1998 WL 713396, at *2 (E.D. La. Oct. 6, 1998), *aff'd sub nom.* 177 F.3d 978 (5th Cir. 1999) (ordering shipowner to provide additional security because the court "ha[d] concerns about the stability and reliability of the current letter of undertaking proffered by Ocean Marine [Mutual Protection & Indemnity Association, Ltd.]"); *Matter of Compania Naviera Marasia S. A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979) (discussing practice, in connection with *ad interim* stipulations, of "accept[ing] letters of undertakings given by underwriters . . . in order to avoid the detention of vessels and the expense of posting security in other forms").

Here, the owner has filed no letter of undertaking, nor has it filed any support for its $150,000.00 valuation of Island Chaser, save for Island Time's attorney's unsworn statement. This Court has held in the past that it not only needs some tangible basis for limiting liability to a particular valuation, but it requires some evidence that the surety guaranteeing that valuation exists. *See Matter of Carpe Diem*, 2018 WL 1463687, at *3 (D.V.I. Mar. 23, 2018) ("Thus, because the Petitioners have failed to provide a letter of undertaking executed by an appropriate surety, the Court holds that the *ad interim* stipulation is not

'approved security' "); *In re Hollis B. Corp.*, 2016 WL 8732310, at *6 (D.V.I. Sept. 30, 2016) ("Because Hollis has failed to provide a letter of undertaking executed by an appropriate surety, and because Hollis purports to limit its obligation to pay pursuant to the terms of its insurance policy, the Court holds that the *ad interim* stipulation is not 'approved security.' ").

Accordingly, it is hereby

**ORDERED** that Island Time's motion for entry of an *ad interim* stipulation, ECF No. 2, is **DENIED** without prejudice.


**Dated:** November 4, 2021            */s/ Robert A. Molloy*
                                       **ROBERT A. MOLLOY**
                                       **Chief Judge**